# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 C 2317 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Miller seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the Commissioner's position in denying his application for disability insurance benefits was not substantially justified. He asks for an award of $8,385.00. For the following reasons, the petition is granted.

The plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments on October 26, 2004, alleging an onset date of February 19, 2004. His applications were denied both initially and on reconsideration. He then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 3, 2006. Following the hearing, the ALJ issued an unfavorable decision, dated September 15, 2006, denying plaintiff's applications for DIB and SSI. Despite the plaintiff having several impairments, the ALJ found he could perform a full range of medium work, including his past work as a delivery person. The Appeals Council affirmed the decision and plaintiff filed for review here in federal district court. I found that the ALJ failed to consider various lines of evidence that detracted from a finding that the plaintiff could perform medium work, and remanded the case to the Commissioner.

Now, the plaintiff seeks an award of attorney's fees and costs under the EAJA. The EAJA provides that a district court may award attorney's fees where (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Here, by virtue of the remand, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged. *See Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The plaintiff's application was timely filed and is supported by an itemized statement. The only issue here is whether the Commissioner's position was substantially justified; the Commissioner does not quarrel with the amount sought.

The Commissioner bears the burden of proof on this point. *Scarborough v. Principi* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724. "Substantially justified," of course, is one of the myriad phrases in the law that has no meaningful definition. The Supreme Court has said that the phrase means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). It cannot be confused with the substantial evidence standard that applies to a court's initial review of the case. As the *Pierce* court explained: "a position can be justified even though it is not correct . . . ;" *i.e.*, "[the government] could take a position that is substantially justified, yet lose." *Id.* at 566 n.2, 569. The Seventh Circuit has explained that a position is substantially justified if it has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski*, 382 F.3d at 724. Such definitions are likely deliberately flexible, but they do leave district courts little guidance for resolving fee questions. While it is an oft-repeated

2

assurance of higher courts that consideration of a fee petition "'should not result in a second major litigation,'" *Pierce*, 487 U.S. at 563; *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007); *United States v. Hallmark Const. Co.*, 200 F.3d at 1080, an EAJA petition nonetheless requires that the court revisit the legal and factual circumstances of this case from a completely different perspective – the elusive standard of substantial justification – than it had to review the record with on the initial go round. *See Hallmark Const.*, 200 F.3d at 1080. So the assurance is often illusory.

The Commissioner's four-page brief offers little argument that his position *was* justified. The ALJ's decision was remanded, essentially, because he ignored significant evidence. The Commissioner depicts this as a case where the ALJ just failed to meet the required minimum level of articulation; the elusive "logical bridge" standard.[1] It was, to a degree. But, there is a difference in degree between failing to adequately articulate a decision where the evidence substantially supports the ALJ's conclusion and a case where the ALJ completely ignores evidence that undermines his conclusion.

In *Stein*, 966 F.2d 317, 320 (7th Cir. 1992), the Seventh Circuit said that an ALJ's failure to adequately articulate the analysis behind a decision or failed to mention certain evidence "in no way

---

[1] This is borne out by the fact that there are more than a few reversals of district judges whose decisions finding an ALJ's reasoning adequately articulated to allow meaningful review, were reversed by the Court of Appeals. *See, e.g., Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008); *Getch v. Astrue*, 539 F.3d 473, 481-82 (7th Cir. 2008); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006); *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004); *Golembiewski v. Barnhart*, 322 F.3d 912, 914-15 (7th Cir. 2003). The list goes on. The Seventh Circuit has explained that its "logical bridge" requirement is no more demanding than what it requires of the district court: ". . . we cannot uphold a decision by an administrative agency, any more than we can uphold a decision by a district court, if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)(Posner,C.J.). Yet, unlike an ALJ's decision, a district court's decision can be affirmed on any ground "fairly supported" by the record. *See Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009); *Frederick v. Marquette Nat. Bank*, 911 F.2d 1, 2 (7th Cir. 1990).

3

necessitates a finding the Secretary's position was not substantially justified." 966 F.2d at 320. But neither does it preclude such a finding. The Seventh Circuit made this clear in *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006), where it explained that *Stein* did not mean there was a *per se* rule precluding attorney's fees whenever the alleged error is the failure to articulate. 434 F.3d at 991. Again, substantial justification is a flexible standard. That means just as there are varying degrees to which an ALJ's failure to "build a logical bridge" can fail to meet the minimum articulation there are varying degrees to which that failure will result in a "not substantially justified" finding. *See, e.g., Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *Golembiewski, supra*. In this case, contrary to the Commissioner's intimations, the ALJ fell short to a significant degree.

The Commissioner cites no cases in support of his argument that the government's position is substantially justified even where the ALJ ignores evidence that undermines his conclusion. As such, his argument hardly merits consideration, *see United States v. Hook*, 471 F.3d 766, 775 (7th Cir.2006)("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."); *United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009), and certainly doesn't meet his burden of proving the government's position was substantially justified.

In fact, there were a few pieces of ignored evidence in this case, but focusing on one will suffice here. The ALJ found that the Plaintiff could perform medium work. That means, among other things, lifting 50 pounds at a time and frequently carrying up to 25 pounds. 20 C.F.R. § 404.1567(c). But he ignored the fact that the plaintiff had surgery that involved removal of bone grafts from both his hips; a procedure known to result in considerable pain and one which his treating physician explained left plaintiff very limited in his ability to walk and lift. Obviously, this would have an adverse effect on anyone's ability to perform medium work. Instead of considering

4

this, or even mentioning it, the ALJ opted to rely on a medical evaluation that didn't take the surgery into account. Add to that arthritis, foot and ankle problems, cardiomegaly, and obesity – all of which the ALJ neglected to one extent or another, singly or in combination – and the ALJ's conclusion becomes all the more unlikely and all the less justifiable.[2]

As such, this case resembles *Golembiewski*, where the ALJ ignored lines of evidence regarding multiple impairments and failed to consider them in combination. 382 F.3d at 724. Once the time came to revisit the case when the plaintiff petitioned for fees, the district court, nevertheless, found the government's position substantially justified. But that, the Seventh Circuit admonished, was an abuse of discretion. 382 F.3d at 725. The same types of defects in the ALJ's decision in this case would make a denial of fees an abuse of discretion here. Again, there are varying degrees at work here on more than one level: "substantially justified" positions and "logical bridges." In other words, while this case is not *exactly* like *Golembiewski*, it is close enough that, with no real guidance on how the "logical bridge" requirement impacts on the determination of whether the government's position was substantially justified, the answer must be that here, it was not. And that means an award of fees is appropriate.

Plaintiff requests a total of $8,385.00 in attorney's fees. The amount of the fee award is left to the discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Yet, a judge must do more than "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir.1984). In other words, the

---

[2] The Commissioner also argues that the fact that plaintiff had bilateral ilium graft surgery in December 2005 does not establish that he was disabled as of his alleged onset date of February 2004. Perhaps, but that was not the ALJ's decision. The ALJ found that plaintiff was not disabled at any time, and was as of September 2006, capable of performing medium work.

5

court must still provide sufficient reasoning to enable a meaningful exercise of appellate review. But here, the Commissioner does not argue that the amount sought is unreasonable, meaning that the Commissioner has waived any opposition to the amount of the award. Moreover, in this district, it is incumbent upon the party opposing a fee petition to specify the entries and hours that are challenged. N.D.Ill.Local Rule 54.3. So there really is no reason to reduce the amount sought by plaintiff.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Bricks, Inc. v. United States E.P.A.*, 426 F.3d 918, 922 (7th Cir. 2005). Here, the plaintiff seeks an hourly rate of $167.50 for attorney work performed mostly in August of 2007. He supports these requested rates by attaching cost of living calculations based upon the "all items" portion of the Consumer Price Index that adjust the fee upward from 1996, when the base of $125 was established. These calculations appear to be correct, and the courts of this district have accepted these types of calculations to support an adjustment in the hourly rate available under the EAJA. *See Davis v. Barnhart*, 2004 WL 1899978, *3 (N.D.Ill. Aug. 20, 2004); *Holland v. Barnhart*, 2004 WL 419871, *1 (N.D.Ill. Feb. 3, 2004); *Banks v. Barnhart*, 2003 WL 22019796, at *5 (N.D.Ill. Aug. 26, 2003). Accordingly, the requested rates for the attorneys working on this matter are reasonable.

Plaintiff also asks that the work of law clerks who assisted counsel be compensated at a rate of $85 to $90 per hour. Courts have recently allowed rates of about $100 for the work of paralegals or law clerks. *See Rohan v. Barnhart*, 306 F.Supp.2d 756, 774 (N.D.Ill. 2004)(paralegal services compensated at $95.00 per hour); *Barrientos v. Barnhart*, 2004 WL 1381126, *2 (N.D.Ill. May 7,

2004)($100 per hour for law clerk); *Embry v. Barnhart*, 2003 WL 22478769, *3 (N.D.Ill. Oct. 31, 2003)($95 per hour for law clerk and paralegal). Thus, the requested rate is found to be reasonable.

So are the requested number of hours – 49.4, which is within the norm of 40 to 60 hours. *See Nickola v. Barnhart*, 2004 WL 2713075, *2 (W.D.Wis. Nov. 24, 2004)(roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive);*Holland v. Barnhart*, 2004 WL 419871, *2 (N.D.Ill. Feb. 3, 2004)(56.85 hours devoted to the preparation of "three briefs, totaling 48 pages" not unreasonable); *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. Feb. 9, 2006)(38.9 hours spent on brief and reply "unextraordinary"); *Cuevas v. Barnhart*, 2004 WL 3037939, *2 (N.D.Ill. Dec. 30, 2004) (56.5 hours of attorney work found reasonable); *Taylor v. Barnhart*, 2004 WL 1114783, *3 (N.D.Ill. May 14, 2004) (51 hours of attorney work found reasonable). Accordingly, the requested fee amount is reasonable.

## CONCLUSION

For the foregoing reasons, the court grants plaintiff's request for fees under the EAJA [#27] in the amount of $8,385.00.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** January 11, 2010

7